IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAHAR ELMIHI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-7241 |
| | ) | |
| v. | ) | Hon. Jeffrey I. Cummings |
| | ) | |
| SONOVA USA INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On August 14, 2024, plaintiff Sahar Elmihi filed a pro se complaint, (Dckt. #1), accompanied by an application to proceed in forma pauperis, (Dckt. #4), and a motion for attorney representation, (Dckt. #5). For the reasons set forth below, plaintiff's application to proceed in forma pauperis, (Dckt. #4), is granted and her motion for attorney representation, (Dckt. #5), is denied without prejudice. The Clerk is directed to accept and file the plaintiff's complaint, (Dckt. #1). The Court directs the Clerk to issue summonses for service of the complaint on defendant and appoints the Marshal to serve summons. The Clerk of Court is directed to mail plaintiff one blank USM-285 (U.S. Marshals service) form, along with a copy of this Order. The Court advises plaintiff that a completed USM-285 form is required for the defendant. The U.S. Marshal will not attempt service on the defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for the defendant, and failure to do so may result in the dismissal of the unserved defendant, as well as dismissal of this case in its entirety for lack of prosecution. Tracking status hearing on service set for December 30, 2024 at 9:00 a.m. (to track the case only, no appearance is required).

## STATEMENT

### I. Application to Proceed In Forma Pauperis ("IFP")

The federal IFP statute, 28 U.S.C. §1915, is designed to ensure indigent litigants meaningful access to the federal courts while simultaneously preventing the filing of frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Before authorizing a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, the Court must determine that the litigant is unable to pay the $405 filing fee; and second, the Court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. §1915(a), (e).

The first determination is made through a review of the litigant's assets as stated in an affidavit submitted to the Court. "To qualify for IFP status, a plaintiff must fully disclose her

financial condition, and she must do so truthfully under penalty of perjury." *Effinger v. Monterrey Sec. Consultants*, 546 F.Supp.3d 715, 717 (N.D.Ill. 2021) (citing 28 U.S.C. §1915(a)(1)). "In order to proceed in forma pauperis, a plaintiff's income must be at or near the poverty level." *Barnes v. Reynolds*, No. 20-CV-5796, 2021 WL 4945191, at *2 (N.D.Ill. Feb. 1, 2021).

According to plaintiff's IFP application, (Dckt. #4), she has been unemployed since April 2024, is currently receiving public assistance, has $600 dollars in a bank account, supports her mother, and is $10,000 in debt. Based on this information, the Court finds that plaintiff is indigent and may proceed *in forma pauperis* in this case.

**II.     Screening of Plaintiff's Complaint**

The Court next turns to plaintiff's complaint, (Dckt. #1). After finding that a person qualifies to proceed *in forma pauperis*, the Court must screen the complaint. *See Vey v. Clinton*, 520 U.S. 937, 937-38 (1997) (applying §1915(e)(2)(B)(i) to non-inmate); *Jaros v. IDOC*, 684 F.3d 667, 668 n.1 (7th Cir. 2012) (collecting cases holding that §1915(e)(2) screening applies to non-prisoner suits). Again, the Court may accept the complaint if it is non-frivolous, states a claim upon which relief may be granted, and seeks monetary damages against a defendant who is not immune from such damages. 28 U.S.C. §1915(e)(2)(B). Courts screen complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts must also "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff brings this action against her former employer, Sonova USA, Inc. alleging age and national origin discrimination and retaliation in violation of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* and 42 U.S.C. §1981, respectively. To state a claim for employment discrimination under both Title VII and the ADEA, a plaintiff "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" a protected characteristic. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Those protected characteristics under include race and national origin under Title VII, 42 U.S.C. §2000e-2, while the ADEA protects against discrimination against those over the age of 40. 29 U.S.C. § 623(a)(1). As the Seventh Circuit has made clear, a plaintiff need not "allege all, or *any*, of the facts logically entailed by the claim," *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.

1998) (emphasis in original), *quoting Am. Nurses' Ass'n v. Illinois*, 783 F.2d 715, 727 (7th Cir. 1986), and the complaint "certainly need not include evidence." *Tamayo*, 526 F.3d at 1081 (7th Cir. 2008); *see also Tanner v. Bd. of Ed. of Fremont Sch. Dist. 79, Cnty. of Lake*, No. 21 CV 2713, 2022 WL 2439941, at *4 (N.D.Ill. July 5, 2022), *quoting Clark v. Law Office of Terrence Kennedy, Jr.*, 709 Fed.Appx. 826, 828 (7th Cir. 2017) ("a plaintiff need only identify the type of discrimination, when it occurred, and by whom.").

Here, plaintiff has, at a minimum, stated a claim to survive this Court's initial screening. Plaintiff – who is of Egyptian national origin and over fifty years old – alleges that she began her employment with Sonova in or around February 2017, and most recently served as a team leader. (Dckt. #1 at 5). According to plaintiff, during her employment she was subjected to harassment by her supervisors and colleagues. (*Id.*). In or around May 2022, plaintiff made a formal complaint of discrimination to defendant, "detailing the harassment and discriminatory actions she was subjected to." (*Id.*). According to plaintiff, following her formal complaint, she faced retaliation in the form of unwarranted disciplinary actions, and she was ultimately discharged from her employment on or around April 30, 2024. (*Id.*). Plaintiff seeks monetary relief, including back pay and front pay for defendant's misconduct. (*Id.* at 5-6).

Viewing plaintiff's complaint liberally in her favor, plaintiff's allegations are sufficient to state a claim at this initial screening stage as she has pled enough facts "to give the defendant sufficient notice to enable [it] to begin to investigate and prepare a defense" for these claims. *Tamayo*, 526 F.3d at 1085. Her action can proceed on her claims under Title VII and the ADEA. Of course, any determination as to the veracity of plaintiff's claims is for another day.

### III. Plaintiff's Motion for Attorney Representation

Finally, the Court turns to plaintiff's motion for attorney representation, (Dckt. #5). When deciding whether to appoint counsel, courts consider whether (1) the indigent plaintiff has "made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [herself]?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Those two factors "are necessarily intertwined." *Watts v. Kidman*, 42 F.4th 755, 761 (7th Cir. 2022). But courts generally acknowledge a plaintiff's need for counsel is at its lowest point at the litigation's onset. *See Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018); *Watts*, 42 F.4th at 767 ("[C]ourts have wide discretion to change course . . . if, as the case progresses, factual or legal developments lead the court to revise its evaluation . . . .").

Plaintiff's motion for attorney representation is denied without prejudice. In her motion, plaintiff indicates she reached out to only two law firms. Moreover, this litigation is at its very early stages and plaintiff, who possesses a post-graduate degree, (Dckt. #5 at 2), effectively pled claims which are not unduly complex. *See Pruitt*, 503 F.3d at 654; *see also Kindstrom v. Lake Cnty.*, No. 3:22-CV-50041, 2023 WL 1974531, at *1 (N.D.Ill. Jan. 30, 2023). Similarly, while plaintiff indicates that English is not her primary language, (Dckt. #5 at 2), she properly drafted her complaint in this matter. The Court therefore finds plaintiff capable of handling the litigation's early stages. Plaintiff may renew her motion for attorney representation should circumstances change as the case progresses.

**Date: October 17, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**